**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL SHORT,                           :
                                                          Civil Action No. 08-0186 (JBS)
              Petitioner,        :

              v.                         :        **OPINION**

WARDEN PAUL SCHULTZ,             :

              Respondent.        :

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Michael Short
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE**, District Judge:

     Petitioner Michael Short, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondent is Warden Paul Schultz.

---

     [1] Section 2241 provides in relevant part:

     (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
     (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that it should be construed as a Petition under the All Writs Act, 28 U.S.C. § 1651(a), and should be addressed in the court of conviction, this Court will transfer the Petition to the District Court in which Petitioner was convicted.

I.   BACKGROUND

Petitioner was convicted of various drug-related offenses in the U.S. District Court for the Western District of Virginia, including two counts of having violated 18 U.S.C. § 924(c)(1) (knowingly used and carried a firearm during a drug trafficking offense), Counts 3 and 4 of the Indictment.   See United States v. Short, Criminal Action No. 01-10039 (JPJ) (W.D. Va.).   On March 6, 2002, Petitioner was sentenced to an aggregate term of 438 months' imprisonment, to be followed by five years supervised release.[2]   Specifically, Petitioner was sentenced to a term of 78 months on Counts 1, 2, and 5, to run concurrently; 60 months as to Count 3, to run consecutively to the sentence on Counts 1, 2, and 5; and 300 months on Count 4, to run consecutively to the

_____

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.   See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

2

sentence on Counts 1, 2, 3, and 5.  Petitioner alleges that he presently is confined pursuant to that sentence.

Petitioner asserted, on direct appeal, that "his receipt of firearms as payment for oxycodone does not amount to 'use' of a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A), and that the district court consequently erred in denying his motion for judgment of acquittal." United States v. Short, 55 Fed.Appx. 183, 2003 WL 213781 (4th Cir. 2003).  The Court of Appeals for the Fourth Circuit disagreed with Petitioner and affirmed the judgment of the district court, citing Bailey v. United States, 516 U.S. 137 (1995), and its own prior precedent.  Short, 55 Fed.Appx. at 183.  The Supreme Court of the United States denied certiorari.  Short v. U.S., 540 U.S. 946 (2003).  Thereafter, the trial court denied Petitioner's motion for post-conviction relief pursuant to 28 U.S.C. § 2255, and the Court of Appeals denied a certificate of appealability and dismissed the appeal.  See Short v. U.S., 2005 WL 1530002 (W.D. Va. 2005), appeal dismissed, 201 Fed.Appx. 944 (4th Cir. 2006).

On December 10, 2007, the U.S. Supreme Court held, in Watson v. United States, 128 S.Ct. 579, 586 (2007), "that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs."

Petitioner has now filed in this Court a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he

is "actually innocent" of the crime of which he is convicted, based upon the interpretation of the statute announced by the Supreme Court in <u>Watson</u>, and that § 2255 is "inadequate or ineffective" to test the constitutionality of his confinement.

Petitioner asserts that he has fully served his sentence for the other counts of conviction and that he is, therefore, entitled to immediate release.

## II.  <u>ANALYSIS</u>

As noted by the Court of Appeals for the Third Circuit, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997).  Motions under § 2255 must be brought before the Court which imposed the sentence.  <u>See</u> 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to

4

test the legality of [Petitioner's] detention."  In Dorsainvil,
the Third Circuit held that the remedy provided by § 2255 is
"inadequate or ineffective," permitting resort to § 2241 (a
statute without timeliness or successive petition limitations),
where a prisoner who previously had filed a § 2255 motion on
other grounds "had no earlier opportunity to challenge his
conviction for a crime that an intervening change in substantive
law may negate."  119 F.3d at 251.[3]  The Court emphasized,
however, that its holding was not intended to suggest that § 2255
would be considered "inadequate or ineffective" merely because a
petitioner is unable to meet the stringent gatekeeping
requirements of § 2255.  Id.  To the contrary, the Court was
persuaded that § 2255 was "inadequate or ineffective" in the
unusual circumstances presented in Dorsainvil because it would
have been a complete miscarriage of justice to confine a prisoner
for conduct that, based upon an intervening interpretation of the
statute of conviction by the Supreme Court, may not have been
criminal conduct at all.  Id. at 251-52.

_____

    [3] Dorsainvil also involved a claim of "actual innocence"
based upon an intervening Supreme Court decision, Bailey v.
United States, 516 U.S. 137, 144 (1995), holding that a
conviction for "use" of a firearm under § 924(c)(1) requires the
government to show "active employment of the firearm."  In 1998,
the Supreme Court held that the rule announced in Bailey can be
asserted in a collateral attack under § 2255 where the defendant
demonstrates either cause and actual prejudice for the failure to
raise the issue on direct appeal or that he is actually innocent.
See Bousley v. United States, 523 U.S. 614 (1998).

Here, Petitioner's claim mirrors the claim asserted in Dorsainvil.  Petitioner asserts that, based upon an intervening interpretation of the statute of conviction by the Supreme Court, his conduct of receiving a firearm in exchange for drugs was not criminal conduct under the statute of conviction.  Accordingly, based upon the allegations of Petitioner's claim, it would be a miscarriage of justice not to permit Petitioner's claim to be considered.

The question remains whether this Court is the appropriate venue for consideration of Petitioner's claim.  Dorsainvil was confined in the same circuit in which he had been convicted. Petitioner, however, was convicted in the Western District of Virginia, in the Fourth Circuit, and is confined within the Third Circuit.  This challenge to the validity of the conviction should, in the first instance, be presented to the court of conviction.  The Court of Appeals for the Third Circuit has opined that in circumstances such as those presented here, "there is at least a plausible argument that if [the petitioner] has no other remedy in the district of his conviction and sentencing, the Court of Appeals for the Fourth Circuit would approve of the district court's exercising jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error coram nobis." In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

6

In Nwanze, the Court of Appeals approved the transfer of a petition, in circumstances such as this, to the court of conviction pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  242 F.3d at 525-26 and n.2.  The Court of Appeals took note of the fact that such a procedure would permit the sentencing court to determine whether it should resentence the defendant on the remaining counts of conviction, whereas the Court of Appeals had "some doubt" as to whether another court could resentence on the remaining counts. Thus, transfer to the court of conviction in the Western District of Virginia seems most appropriate, in view of the multiple counts of conviction, and in light of that court's superior familiarity with the underlying conviction and sentence.

Finally, the Court held that the transfer should be without prejudice to a petitioner's reinstating his habeas corpus petition in the district of confinement if the court of conviction should deny him relief on jurisdictional grounds.  Id. at 527.

Accordingly, this Court will follow the procedure approved in Nwanze and transfer this matter to the court of conviction.

III.   CONCLUSION

7

For the reasons set forth above, this matter will be transferred to the U.S. District Court for the Western District of Virginia.  An appropriate order follows.


                                        **s/ Jerome B. Simandle**
                                        Jerome B. Simandle
                                        United States District Judge


Dated:  **January 28, 2008**